UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEIKO EPSON CORPORATION,                )
                                         )
    3-5, Owa 3-chome                     )
    Suwa-shi                              )
    Nagano-ken, 392-8502                  )
    Japan,                                )
                                         )
        Plaintiff,                )
                                         )   Case No.: _____
      v.                                )
                                         )
CORETRONIC CORPORATION,                  )
                                         )
    No.11, Li-Hsing Road                  )
    Science Park                          )
    Hsinchu, Taiwan 300                   )
    Republic of China,                    )
                                         )
        Defendant.                )

## COMPLAINT FOR DECLARATORY JUDGMENT

Seiko Epson Corporation ("Seiko Epson"), for its Complaint against Coretronic Corporation ("Coretronic"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Seiko Epson is a company organized under the laws of Japan, with a place of business at 3-5, Owa 3-chome, Suwa-shi, Nagano-ken, 392-8502 Japan.

2. Upon information and belief, Coretronic is a company organized under the laws of the Republic of China, with a place of business at No.11, Li-Hsing Road, Science Park, Hsinchu, Taiwan 300, Republic of China.

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, concerning issues arising under the patent laws of the United States, Title 35, United States

Code. Jurisdiction is conferred on this Court pursuant to 35 U.S.C. § 293 and 28 U.S.C. §§ 1331, 1338(a), and 2201.

4.  Venue is proper in this district pursuant to 35 U.S.C. § 293 and 28 U.S.C. § 1391.

## FACTS

5.  Upon information and belief, Coretronic owns U.S. Patent Nos. 6,742,899 B1 (the "899 Patent") and 6,739,831 B2 (the "831 Patent") and has made no designation pursuant to 35 U.S.C. § 293 with respect to the 899 and 831 Patents.

6.  Seiko Epson manufactures projectors that are sold in the United States.

7.  By letter dated March 6, 2007, an officer of Coretronic stated to Seiko Epson that Coretronic had "determined that Seiko Epson projectors have infringed and are infringing [the 899 and 831] Coretronic patents" and indicated an intent to assert such claims against Seiko Epson in court.

8.  Seiko Epson does not infringe and has not infringed the 899 or 831 Patents directly, contributorily or by inducement.

9.  One or more claims of the 899 and 831 Patents are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

10.  Accordingly, an actual controversy exists between Coretronic and Seiko Epson.

WHEREFORE, Seiko Epson prays that this Court:

A.  Adjudge and decree that Seiko Epson is not infringing and has not infringed any claim of the 899 Patent;

B.  Adjudge and decree that Seiko Epson is not infringing and has not infringed any claim of the 831 Patent;

C. Adjudge and decree that one or more claims of the 899 Patent are invalid;

D. Adjudge and decree that one or more claims of the 831 Patent are invalid;

E. Award Seiko Epson its attorneys' fees; and

F. Award Seiko Epson such further relief as this Court deems just and proper.

## JURY DEMAND

Seiko Epson Corporation hereby demands, pursuant to Fed. R. Civ. P. 38, a trial by jury of all issues so triable.

DATED this 17th day of March 2007.

Respectfully submitted,

SEIKO EPSON CORPORATION

William J. Utermohlen, D.C. Bar No. 384902
OLIFF & BERRIDGE, PLC
277 South Washington Street
Suite 500
Alexandria, VA  22314
Telephone:  703-836-6400
Facsimile:  703-836-2787

Attorney for Plaintiff Seiko Epson Corporation

## CERTIFICATE REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 7.1(a)

I, the undersigned, counsel of record for Seiko Epson Corporation, certify that to the best of my knowledge and belief, Seiko Epson has no parent corporations and that no publicly held corporation owns more than 10% of Seiko Epson's stock, other than Aoyama Kigyo Kabushiki Kaisha.

*William J. Utermohlen*

William J. Utermohlen

Attorney for Seiko Epson Corporation