1 [all counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEIKO EPSON CORPORATION, a Japanese corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORETRONIC CORPORATION, a Taiwanese corporation, and OPTOMA TECHNOLOGY, INC., a California corporation,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case Nos. C 06-6946, 07-6055 MHP<br><br>**STIPULATION AND [PROPOSED] ORDER ENTERING JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT 6,739,831** |

WHEREAS Coretronic Corporation ("Coretronic") asserted patents, including U.S. Patent 6,739,831 ("the '831 Patent") against Seiko Epson Corporation, Epson Research & Development Group and Epson America, Inc. ("Counterdefendants"), who have denied infringing the '831 patent and have asserted counterclaims for declaratory judgment that the '831 patent is invalid and/or unenforceable; and

WHEREAS on May 16, 2008 this Court, following a claim construction hearing issued a Claim Construction Memorandum and Order construing terms for U.S. Patent Nos. 6,203,158, 6,558,004, 6,739,831 ("the '831 Patent") and 6,742,899 ("Claim Construction Order") which, *inter*

1

STIPULATION AND [PROPOSED] ORDER ENTERING JUDGMENT OF　　　　　　　　　　　CASE NOS. C 06-6946, 07-6055 MHP
NONINFRINGEMENT OF U.S. PATENT 6,739,831

*alia*, construed the term "second exhaust fan," which is contained in claim 1 of the '831 Patent, as a "fan, in addition to one other fan somewhere else in the projector, at the end of the cooling path for drawing air out of the projector," and on May 29, 2008 the Court clarified its construction to require that the "other fan" must be an "exhaust fan;" and

WHEREAS the parties agree that under the Court's claim construction rulings, the Counterdefendant's accused projector products do not infringe the claims of the '831 patent; and

WHEREAS the parties agree that in light of the above rulings and agreements, the issue of the '831 patent's validity and enforceability need not be litigated and resolved at this time, and

WHEREAS Coretronic reserves its right to appeal the Court's rulings on claim construction to the United States Court of Appeals for the Federal Circuit;

NOW, THEREFORE, THE PARTIES STIPULATE AND ASK THE COURT FOR AN ORDER AS FOLLOWS:

1. Entering a final judgment of noninfringement that the accused products do not infringe the '831 patent.

2. Dismissing without prejudice Counterdefendants' Counterclaims for Declaratory Judgment that the '831 patent is invalid and unenforceable, subject to Counterdefendants' right to reinstate those claims in this case if the final judgment of noninfringement as to the '831 patent should be reversed or modified on appeal.

.

DATED: July 9, 2008

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Yitai Hu (CA Bar No. 248085) | James A. Oliff *(Admitted Pro Hac Vice)* |
| Elizabeth H. Rader (CA Bar No. 184963) | John W. O'Meara *(Admitted Pro Hac Vice)* |
| AKIN GUMP STRAUSS HAUER & FELD LLP | William J. Utermohlen *(Admitted Pro Hac Vice)* |
| 2 Palo Alto Square | OLIFF & BERRIDGE, PLC |
| 3000 El Camino Real, Suite 400 | 277 South Washington Street, Suite 500 |
| Palo Alto, California 94306 | Alexandria, VA 22314 |
| Telephone: (650) 838-2000 | Telephone: 703-836-6400 |
| Facsimile: (650) 838-2001 | Facsimile: 703-836-2787 |
| | Susan van Keulen (CA Bar No. 136060) |
| Attorneys for Coretronic Corporation | Christopher L. Ogden (CA Bar No. 235517) |
| | THELEN REID BROWN RAYSMAN & STEINER LLP |
| | 225 West Santa Clara Street, Suite 1200 |

San Jose, CA 95113
Telephone: (408) 292-5800
Facsimile: (408) 287-8040

Attorneys for Seiko Epson Corporation, Epson Research & Development Corporation and Epson America, Inc.

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from William J. Utermohlen.

Dated: July 9, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/_____
Elizabeth H. Rader, Esq.
(State Bar No. 184963)
Attorneys for Coretronic Corporation

Having considered the parties' statements and stipulations set forth above, and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. Seiko Epson Corporation, Epson Research & Development Group and Epson America Inc. are GRANTED Judgment of Noninfringement of U.S. Patent No. 6,739,831, and the Clerk is requested to enter a final judgment of noninfringement with respect to that patent.

2. Counterdefendant's Counterclaims for Declaratory Judgment that the '831 patent is invalid and unenforceable are hereby DISMISSED without prejudice, subject to Counterdefendants' right to reinstate those claims in this case if the final judgment of noninfringement as to the '831 patent should be reversed or modified on appeal..

Dated: __July 14_____, 2008    _____
UNITED STATES

*IT IS SO ORDERED*
[signature]
Judge Marilyn H. Patel

3